UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE A. MULLINS & WORLANDA F. MULLINS,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　　　　Defendant. | No. 2:13-cv-0453 JAM KJN PS<br><br><br>ORDER |

On July 8, 2013, defendant Wells Fargo filed a motion to dismiss plaintiffs' first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (ECF No. 18.) Defendant noticed its motion for a hearing to take place before the undersigned on August 15, 2013. (Id.) Pursuant to this court's Local Rules, plaintiffs were obligated to file and serve a written opposition or statement of non-opposition to the pending motion at least fourteen (14) days prior to the hearing date, i.e., no later than August 1, 2013. See E.D. Cal. L.R. 230(c).[2] The court's

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] More specifically, Eastern District Local Rule 230(c) provides:

> **(c) Opposition and Non-Opposition.** Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or

1

docket reveals that plaintiffs failed to file a written opposition or statement of non-opposition to defendant's motion. Although plaintiffs are proceeding without counsel, this is not their first round of motions practice before the court, and at the previous hearing on defendant's first motion to dismiss plaintiffs' original complaint, plaintiffs were cautioned to familiarize themselves with the Local Rules and the Federal Rules of Civil Procedure.

In light of plaintiffs' failure to file a timely opposition to the motion, the court vacates the August 15, 2013 hearing on the motion. See E.D. Cal. L.R. 230(c) ( "No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . .").

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the

////

---

continued) hearing date. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . .

court's local rules.[3]  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

Consistent with the above authorities, the court could at this juncture recommend summary dismissal of plaintiffs' claims based on their failure to prosecute the case and failure to follow the court's Local Rules.  Nevertheless, in light of plaintiffs' pro se status and the court's desire to resolve plaintiffs' claims on the merits, the court finds it appropriate to grant plaintiffs a *brief and final extension of time* to file a written opposition to defendant's motion.  Failure to file a written opposition or statement of non-opposition by the required deadline will be deemed a statement of non-opposition to defendant's motion and will result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

In light of the foregoing, IT IS HEREBY ORDERED that:

1. The August 15, 2013 hearing on defendant's motion to dismiss is VACATED.

2. Plaintiffs shall file and serve an opposition, or statement of non-opposition, to defendant's motion **within 21 days of this order.**  *Failure to timely file an opposition or statement of non-opposition will be deemed a statement of non-opposition to the pending motion*

---

[3]  The Ninth Circuit Court of Appeals had held that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss.  See, e.g., Trice v. Clark County Sch. Dist., 376 Fed. App'x. 789, 790 (9th Cir. 2010) (unpublished).

*and will result in a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).*

      3.      Defendant may file a reply to plaintiffs' opposition, if any, within 21 days of service with the opposition.

      4.      Thereafter, the matter will be submitted upon the record and briefs on file. See E.D. Cal. L.R. 230(g). No further briefing will be permitted and no hearing will take place, unless the court subsequently requests further briefing or schedules a hearing.

IT IS SO ORDERED.

Dated: August 5, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE