UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE A. MULLINS & WORLANDA F. MULLINS,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | No.  2:13-cv-0453 JAM KJN PS<br><br><br>ORDER |

On July 8, 2013, defendant Wells Fargo filed a motion to dismiss plaintiffs' first amended complaint.  (ECF No. 18.)[1]  The motion was initially noticed for a hearing on August 15, 2013.  (Id.)  After plaintiffs failed to file an opposition to the motion in accordance with Local Rule 230(c), the court vacated that hearing on August 5, 2013, noting that Local Rule 230(c) specifically provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party…."  (ECF No. 21.)  The court further observed that:

> Although plaintiffs are proceeding without counsel, this is not their first round of motions practice before this court, and at the previous hearing on defendant's first motion to dismiss plaintiffs' original

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

> complaint, plaintiffs were cautioned to familiarize themselves with the Local Rules and the Federal Rules of Civil Procedure…Consistent with the above authorities, the court could at this juncture recommend summary dismissal of plaintiffs' claims based on their failure to prosecute the case and failure to follow the court's Local Rules. Nevertheless, in light of plaintiffs' pro se status and the court's desire to resolve plaintiffs' claims on the merits, the court finds it appropriate to grant plaintiffs a *brief and final extension of time* to file a written opposition to defendant's motion.

(ECF No. 21.) In particular, plaintiffs were granted 21 days to file any opposition, and Wells Fargo were given 21 days after the filing of any opposition to file a reply brief. (Id.) The court specifically noted that no further briefing would be permitted, unless requested by the court. (Id.)

Thereafter, on August 15, 2013, plaintiffs filed an opposition to Wells Fargo's motion, and on August 21, 2013, Wells Fargo filed a reply brief, whereupon the motion was submitted upon the record and briefs on file pursuant to Local Rule 230(g). (ECF Nos. 22, 23.)

On September 17, 2013, the undersigned issued findings and recommendations, which remain pending before the district judge, recommending that Wells Fargo's motion to dismiss be granted and that the action be dismissed with prejudice. (ECF No. 24.)[2] That same day, almost four weeks after the motion was submitted, plaintiffs filed an amended opposition to Wells Fargo's motion along with an amended proposed order. (ECF No. 25, 26.)

As an initial matter, plaintiffs' amended opposition, more properly construed as a surreply brief, violates this court's prior order that no further briefing be submitted, as well as the court's Local Rules, which do not authorize the filing of a surreply. See E.D. Cal. L.R. 230. As such, it should be stricken on that basis.

Furthermore, even if plaintiffs had requested leave to file a surreply, granting such leave would be inappropriate under the circumstances of this case. As outlined in greater detail in the findings and recommendations, the court previously issued a detailed order notifying plaintiffs of the deficiencies of their claims and gave them an opportunity to cure the potentially viable claims by filing an amended complaint. Instead, plaintiffs virtually ignored the court's instructions and

---

[2] The findings and recommendations were entered on the court's docket on September 18, 2013. (ECF No. 24.)

submitted a very similar shotgun pleading as their first amended complaint.  When plaintiffs then failed to timely oppose Wells Fargo's motion to dismiss the first amended complaint, the court, in light of plaintiffs' pro se status, again afforded plaintiffs leniency in granting an extension to oppose the motion.  However, at some point, leniency must give way to the interests of limited court resources and other compliant litigants.  Wells Fargo has not had an opportunity to respond to plaintiffs' unauthorized and tardy amended opposition, and should not be required to expend further resources doing so at this late stage.

Moreover, a mere peak at the amended opposition reveals that it once again contains material with very questionable relevance to this case.  The amended opposition contains long discussions regarding the mortgage industry and some claims that have not been asserted in plaintiffs' operative complaint, and also contains numerous references to U.S. Bank, which is not even a defendant in this case.  This content again suggests that plaintiffs are continuing their practice of copying material from briefs in other cases or other sources, which have little to do with this case.

For the reasons outlined above, IT IS HEREBY ORDERED that:

1. Plaintiffs' amended opposition and amended proposed order (ECF Nos. 25, 26) are STRICKEN.
2. Apart from any objections that plaintiffs may submit to the district judge in response to the findings and recommendations, the court will disregard any further briefs, amendments, and/or other filings by plaintiffs in this case until the findings and recommendations are resolved.

IT IS SO ORDERED.

Dated:  September 19, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3